F I L E D
CLERK OF COURT

2025 AUG 22 AM 10: 08

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | |
| Plaintiff, | Criminal Case No. CF650-24 |
| vs. | **DECISION AND ORDER ON MOTION IN *LIMINE* TO EXCLUDE REFERENCE TO PRIOR CRIMES OR BAD ACTS** |
| ERIC MATTHEW CRUZ, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on Defendant's Motion in *Limine* to Exclude Reference to Prior Crimes or Bad Acts and the People's Motion in *Limine* to Admit Evidence under Rule 404(b) of the Guam Rules of Evidence ("GRE").[1] Attorney Brycen Breazeale represents Defendant Eric Cruz and Assistant Attorney General Christine S. Tenorio represents the People of Guam ("People"). The Court now issues the following order **GRANTING** the Defendant's Motion in *Limine* pursuant to GRE Rule 403.

## PROCEDURE

On August 13, 2025, the Defendant filed his Motion in *Limine* regarding Guam Rules of Evidence ("GRE") 401, 402, and 403. Defendant's Mot. in Lim. The People filed its Motion to Admit Evidence on August 12, 2025. At the Pre Trial Confernece held on August 14, 2025, the

---

[1] The People's Motion to Admit Evidence under Rule 413 and Rule 404(b) is addressed more fully in the Court's Order regarding this specific motion. This order will address only the issues brought by the Defense in their Motion to Exclude Reference to Prior Bad Acts.

Decision and Order on Motion in Limine to Exclude Reference to Prior Bad Acts
CF650-24, *People of Guam v. Eric Matthew Cruz*
Page **1** of **5**

People represented that the August 12th Motion was sufficient opposition to Defendant's Motion in *Limine*. The Court has reviewed the motions and applicable law and makes the following ruling.

**RULINGS**

**I. Defendant's Motion in *Limine* to Exclude Reference to Prior Crimes or Bad Acts Under Rules 401 and 402**

The Court does not grant the Defendant's Motion to exclude reference to prior crimes or bad acts pursuant to Rules 401 and 402 of the GRE. The Defendant moved to exclude reference to prior alleged family violence against Antionette Cruz, the victim's adoptive mother, on the grounds that the past bad act is not relevant to the case at hand. Rules 401 and 402 of the GRE state that only relevant evidence may be included in trial.

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 of the GRE states that "all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act of Guam, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority." Additionally, Rule 402 states that "evidence which is not relevant is not admissible." In order for the government to offer "prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed [an offense] before, he therefore is more likely to have committed this one." *People v. Palisoc*, 2002 Guam 9 ¶ 1 (quoting *United States v. Sampson*, 980 F. 2d 883, 887 (3rd Cir. 1992)). The

Decision and Order on Motion in Limine to Exclude Reference to Prior Bad Acts
CF650-24, *People of Guam v. Eric Matthew Cruz*
Page **2** of **5**

People have the burden of proving that "evidence of a defendant's prior bad act is being admitted for a purpose other than to show mere propensity." *Id.* ¶ 18.

The Defense argues that the People have no other reason to bring this evidence except to prove propensity. In their Motion, the People do not seek to include this evidence for propensity purposes, but rather to show the motives of B.C., the victim, and the timeline of events. Defendant's Mot. in Lim.; People's Mot. in Lim. The People argue that reference to Defendant's prior alleged physical abuse against Antionette in 2021 would be used to show that B.C. has no motive to lie about the Defendant's alleged sexual abuse against her because she would have reported the alleged abuse earlier when Antionette reported her alleged abuse. People's Mot. In Lim. While the Court believes this reasoning to be attenuated, it is nevertheless still considered relevant under the broad definitions of relevance found in the GRE. The People clearly articulate that no link in the logical chain of relevance regarding the alleged physical abuse would be used to show propensity. *Id.* This satisfies the People's burden to show that the evidence would not be used to prove propensity. *See Palisoc*, 2002 Guam 9 ¶ 1, 18. Thus, the reference to these prior bad acts is relevant and the Defendant's motion is not granted on the grounds of the evidence being irrelevant to the case at hand.

**II. Defendant's Motion in Limine to Exclude Reference to Prior Crimes or Bad Acts Under Rule 403**

The Court **GRANTS** the Defendant's Motion to exclude reference to prior crimes or bad acts pursuant to Rule 403 of the GRE.

The Defense correctly argues that reference to Defendant's prior alleged bad acts would be unfairly prejudicial in violation of Rule 403 of the GRE. Defendant's Mot. in Lim. Rule 403

Decision and Order on Motion in Limine to Exclude Reference to Prior Bad Acts
CF650-24, *People of Guam v. Eric Matthew Cruz*
Page **3** of **5**

states that even if evidence is relevant it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Here, the Defense correctly argues that reference to these prior alleged bad acts would unfairly prejudice the Defendant and that prejudice would substantially outweigh any probative value the evidence has. Evidence of prior alleged physical abuse of Antionette is likely to appear to be inadmissible propensity evidence to a jury even with a limiting instruction. This is true even though the People have shown how the evidence could be relevant to the case at hand. However, the Court finds that the People's theory of relevance for the alleged physical abuse is limited, and the probative value of the evidence is low. While the timeline of the relationship between Antionette and the Defendant is relevant to the case, the timeline of the Defendant's alleged physical abuse of Antionette is only potentially related to the alleged acts against B.C. Additionally, the People argue they will use the alleged family violence to show that B.C. had no motive to fabricate the allegations, but the Court believes this evidence does not clearly show such lack of motive. In fact, this evidence could be used to show that the victim would be more likely to fabricate the allegations to police about conduct by the Defendant if she had known about the alleged family violence against her mother. If B.C. was fabricating the allegations as retaliation for her mother, she could have done this at any time, not only around the period when Defendant was arrested in 2021. Thus, the probative value of the prior alleged bad acts is low and is substantially outweighed by the prejudice of presenting the Defendant's alleged family violence towards Antionette.

Decision and Order on Motion in Limine to Exclude Reference to Prior Bad Acts
CF650-24, *People of Guam v. Eric Matthew Cruz*
Page **4** of **5**

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the Defendant's Motion in *Limine* to Exclude Reference to Prior Crimes or Bad Acts and **ORDERS** the testimony concerning Defendant's alleged abuse of the victim's mother, Antionette Cruz, be **inadmissible**.

SO ORDERED, this 22nd day of August 2025.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, APD

Date: 8/22/25 Time: 10:15am
Antonio A Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order on Motion in Limine to Exclude Reference to Prior Bad Acts
CF650-24, *People of Guam v. Eric Matthew Cruz*
Page 5 of 5